CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 3 0 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:97-cr-00024-7 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| FAHED TAWALBEH | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |

This matter is before the court upon defendant Fahed Tawalbeh's motion pursuant to 18 U.S.C. 3582(c)(2) for recalculation of his guideline pursuant to Amendment 599 of the U.S. Sentencing Guidelines and a corresponding reduction of his sentence. Because Tawalbeh did not receive an enhancement for using a destructive device, the amendment is immaterial to his sentence. Accordingly, the court denies his motion.

I.

On March 6, 1998 a jury found Tawalbeh guilty of: (1) conspiracy to commit arson and to use a destructive device during a crime of violence, in violation of 18 U.S.C. § 371; (2) arson, in violation of 18 U.S.C. § 844(i); and (3) use of a destructive device during a crime of violence, in violation of 18 U.S.C. § 924(c). Following the recommendation of the presentence investigation report ("PIR"), the court sentenced Tawalbeh to 431 months incarceration. The sentence consisted of 60 months on the conspiracy charge and 70 months on the arson charge, to run concurrently, plus one month to be served consecutively with those charges, pursuant to 18 U.S.C. § 3147, and 360 months on the charge of use of a destructive device during a crime of violence, to be served consecutively with all other terms.

Pursuant to section 2K2.4(a) the United States Sentencing Guidelines ("USSG"), when a defendant is charged with violating § 924(c), the court shall impose the term of imprisonment required by statute. In this case, the statute provides for a mandatory minimum sentence of 30 years on Tawalbeh's charge of using a destructive device during a crime of violence. See 18 U.S.C. §

924(c)(1)(B)(ii). Since the statute provided the term of imprisonment, the need for guideline computations of the sentence was not necessary.

However, guideline provisions were calculated for Tawalbeh's charges of conspiracy and arson. For offense level computation purposes, the PIR grouped these two charges, pursuant to USSG § 3D1.2(a), because they involved the same victim and the same act. The base offense level for these charges was based on the determination that the offense involved the use of a destructive device and that the defendant was aware that this created a substantial risk of serious bodily injury or death to firefighters. The only enhancement applied to his offense level was an enhancement pursuant to 18 U.S.C. § 3147, for Tawalbeh's commission of the offense while on release. No other enhancements were applied.

## II.

Effective November 1, 2000, the United States Sentencing Commission amended USSG § 2K2.4 with Amendment 599, which Tawalbeh argues applies to his guideline calculation. The Court will not belabor the intricacies and purposes of that amendment, but simply notes that it has no application to a defendant whose guideline was not enhanced for the use of a destructive device. See United States v. Ward, 2006 U.S. Dist. LEXIS 76015 (E.D. Va. Oct. 19, 2006); United States v. Lindsay, 2007 U.S. Dist. LEXIS 28407 (W.D. NC, Apr. 17, 2007).

## III.

For the foregoing reasons, it is **ORDERED** and **ADJUDGED** that Tawalbeh's motion to modify his term of imprisonment pursuant to 3582(c)(2) is **DENIED**.

The Clerk is directed to send a certified copy of this order to defendant.

ENTER: This 30th day of April, 2007.

United States District Judge