IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| FAHED T. TAWALBEH, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. 7:14CV00297 |
| UNITED STATES OF AMERICA, )<br>)<br>)<br>v. )<br>)<br>FAHED T. TAWALBEH, )<br>)<br>Defendant. ) | Case No. 7:97CR00024-007 |

## OPINION

*Fahed T. Tawalbeh, Pro Se Petitioner.*

The petitioner, a federal inmate proceeding pro se, has filed a pleading that he styles as a "Motion to Modify Pursuant to 28 U.S.C. § 1651(a) For Constitutional Violation (Not a 2255)." (Pet. 1.) The court docketed the pleading as a Petition for a Writ of Coram Nobis under the All Writs Act, 28 U.S.C. § 1651(a). After review of the petition and the court's records, however, I find the petitioner is not entitled to the relief requested under § 1651, and that his

submission is appropriately construed and summarily dismissed as an unauthorized second or successive Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255.[1]

Petitioner Fahad T. Tawalbeh was convicted in this court of offenses arising from the burning of a competitor's store and is serving a total term of 431 months imprisonment. *United States v. Abed*, Case No. 7:97CR00024-007. Tawalbeh's direct appeal was unsuccessful. *United States v. Abed*, 203 F.3d 822 (4th Cir.), *cert. denied*, 529 U.S. 1121 (2000).

Tawalbeh is clearly not entitled to relief under the statute section he cites. A petition under § 1651, such as one seeking a writ of coram nobis, is not available to a defendant in federal custody to raise claims that were or could have been raised through other remedies, such as a motion for new trial or a motion to vacate sentence under § 2255. *See, e.g., United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001). Moreover, the writ of coram nobis was "traditionally available only to bring before the court factual errors 'material to the validity and regularity of the legal proceeding itself,' such as the defendant's being under age or having died

---

[1] The court is not bound by the § 1651 label that Tawalbeh, as a pro se petitioner, attaches to his pleading and may liberally construe and address his submission according to the nature of the relief sought. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (finding that habeas petitioner's filing seeking relief under change in substantive law subsequent to first habeas proceeding is properly construed and dismissed as successive habeas).

before the verdict." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (citation omitted).

In the instant petition, Tawalbeh seeks modification of his criminal sentence under *Alleyne v. United States*, 133 S. Ct. 2151 (2013). He states that, under prior precedent, he raised similar challenges in his initial § 2255 motion, which the Court denied on the merits. *Tawalbeh v. United States*, No. CR-97-24-R, 2002 WL 32494503 (W.D. Va. Feb. 22, 2002), *appeal dismissed,* 54 F. App'x 169 (4th Cir.) (unpublished), *cert. denied*, 540 U.S. 999 (2003). Because Tawalbeh had an available remedy under § 2255 to challenge the validity of his sentence and remains in federal custody, he cannot pursue this claim in a writ under § 1651. Moreover, his current challenge is not based on any fundamental factual error as required to warrant coram nobis relief.

Because Tawalbeh may not proceed with his claims through any extraordinary writ under § 1651(a), I construe his claims as a § 2255 motion. This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. *See* § 2255(h). Tawalbeh has already taken his bite at the § 2255 apple, however. Thus, his current motion is a second or successive one under § 2255(h). Tawalbeh offers no indication that he has

obtained certification from the court of appeals to file a second or successive § 2255 motion. Therefore, I must dismiss his motion as successive.

A separate Final Order will be entered herewith. The clerk will send a copy of that Final Order and this Opinion to the petitioner.

DATED: July 9, 2014

/s/ James P. Jones
United States District Judge